## BALTIMORE CITY COURT

Filed February 28, 1890.

BEFELT
VS.
BALTO. & OHIO R. R. CO. GARNISHEE OF CLARK & SMITH, USE OF CLARK.

*John G. Mitchell* for plaintiffs.

*G. D. Penniman* for defendants.

WRIGHT, J.—

The Court's construction of the Act of 1888, Ch. 177, Code, Art. 83, Sec. 15, does not make the assignment of the claim void to all intents and purposes, but contemplates that the assignment may, by the laws of another State, become effectual. Upon such assignment and the actual collection of the claim assigned, by attachment outside of the State, the statute creates a new right of action and imposes a new liability; and the person upon whom this new liability is imposed is the assigning creditor in Maryland. The person in whose favor the new right of action is created is the person from whom the claims shall be collected by attachment outside of the State. The condition upon which the new cause of action arises and liability depends is the *actual collection* of the claim.

The judgments obtained here by Befelt and Hackett against Clark necessarily presupposes the actual collection

of the claims by Smith, by virtue of his West Virginia attachments. A judgment is conclusive evidence of the existence of the original cause of action "in the form and under the circumstances stated." Attrill vs. Huntington, 70 Md. 198. These judgments therefore are conclusive of the fact of the existence of a valid cause of action and a subsisting liability at the time of their rendition. In other words the plaintiffs are estopped to deny that the funds they seek to reach by their attachments here have already, by a valid and effective attachment proceeding in another State, been actually collected from them. This being so upon the issue made by the plea of *nulla bona*, the garnishee is, in each case, entitled to a verdict.

As this view alone disposes of both cases, it is not necessary to consider other points ably discussed at bar.

Employees desiring to secure the benefit of this law can easily do so by dealing with responsible parties. The motion for a new trial in both cases is granted and judgments reversed.